**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Jacob Haring**, <br><br> Plaintiff, <br><br> vs. <br><br> **Pindernation Holdings LLC**, an Arizona Limited Liability Company; **Lord Pindernation (aka Michael Pinder) and Jane Doe Pindernation** <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Jacob Haring ("Plaintiff" or "Robert Million"), sues the Defendants, Pindernation Holdings LLC, and Lord Pindernation (aka Michael Pinder) ("Lord Pindernation") and Jane Doe Pindernation (collectively, "Defendants" or "Pindernation") and alleges as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, et seq., and unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant Pindernation Holdings LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Pindernation Holdings LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant Pindernation Holdings LLC owned and operated as "Pindernation Electric," an enterprise doing business in Maricopa County, Arizona.

10. Under the FLSA, Defendant Pindernation Holdings LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Pindernation Holdings LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to

Pindernation's employees, Defendant Pindernation Holdings LLC is subject to liability under the FLSA.

11. Defendant Lord Pindernation (aka Michael Pinder) is, upon information and belief, formerly or also known as Michael Pinder. However, the Arizona Corporation Commission's profile for Pindernation Holdings LLC lists "Lord Pindernation" as the sole manager of the company. In any event, Lord Pindernation (aka Michael Pinder) is referred to herein as "Lord Pindernation."

12. Defendants Lord Pindernation and Jane Doe Pindernation are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Lord Pindernation and Jane Doe Pindernation are owners of Pindernation Holdings LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

13. Under the FLSA, Defendants Lord Pindernation and Jane Doe Pindernation are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Lord Pindernation and Jane Doe Pindernation had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Defendants

Lord Pindernation and Jane Doe Pindernation are subject to individual liability under the FLSA.

14. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

15. Defendants, and each of them, are sued in both their individual and corporate capacities.

16. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

17. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

18. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

19. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

20. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

21. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

22. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

23. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

24. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

25. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

26. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

27. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

28. Defendants own and/or operate as Pindernation Electric, an enterprise doing business in Maricopa County, Arizona.

29. At all relevant times, Plaintiff began working for Defendants in approximately June or July 2022.

30. At all relevant times, in his work for Defendants, Plaintiff worked as an underground laborer for Defendants.

31. Defendants, in their sole discretion, agree to pay Plaintiff $23 per hour.

32. At all relevant times, Plaintiff was paid, or supposed to be paid, on a weekly basis.

33. During the workweek of December 11, 2022, through December 17, 2022, ("Workweek 1"), Plaintiff worked approximately 40 hours.

34. During a workweek that took place approximately one month prior to Workweek 1, Plaintiff worked approximately eight hours of overtime that went unpaid ("Workweek A").

35. For Workweek 1, Plaintiff received a paycheck that included the approximately 40 hours of time worked during Workweek 1 and the eight hours of overtime that went unpaid from Workweek A.

36. However, on Plaintiff's attempt to deposit, cash, or otherwise negotiate the respective check, it returned for nonsufficient funds.

37. Thereafter, Plaintiff contacted Defendants on numerous occasions in an effort to have Defendants reissue the returned check or to place additional funds into the payroll account.

38. Defendant Lord Pindernation largely ignored Plaintiff's efforts and did not reissue the returned checks or to place additional funds into the payroll account.

39. Defendants never reimbursed Plaintiff for the check for Workweek 1.

40. Accordingly, Defendants never paid Plaintiff for the final workweek of his employment with them.

41. Accordingly, Defendants never paid Plaintiff for the eight hours of overtime he worked during Workweek A.

42. Defendants classified Plaintiff as W-2 employee.

43. At all relevant times, Plaintiff worked for Defendants until approximately December 20, 2022.

44. To date, Defendants have taken no corrective action with regard to the unpaid check at issue.

45. As a result of the aforementioned allegations, Defendants never paid Plaintiff's final paycheck.

46. As a result of the aforementioned allegations, Defendants failed to compensate Plaintiff any wages whatsoever for the final workweek of his employment with Defendants.

47. Therefore, for the final workweek that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

48. To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

49. As a result of not having paid any wage whatsoever to Plaintiff for his final workweek with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

50. As a result of Defendants' failure to compensate Plaintiff any overtime wage whatsoever for the overtime hours worked in Workweek A, Defendants violated 29 U.S.C. § 207(a).

51. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

52. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

53. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-350, et seq.

54. Plaintiff was a non-exempt employee.

55. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

56. Plaintiff is a covered employee within the meaning of the FLSA.

57. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

58. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

59. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

60. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

61. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

63. In Workweek A, Defendants failed to pay Plaintiff one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

64. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in Workweek A, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for that time, in violation of 29 U.S.C. § 207.

65. As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked in Workweek A, Defendants violated the FLSA.

66. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week in Workweek A.

67. Defendants have and continue to violate the FLSA by not paying Plaintiff a wage equal to one and one-half times the applicable regular rate of pay for the Plaintiff spent working for Defendants in Workweek A.

68. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week during Workweek A at

an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Jacob Haring, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT FAILURE TO PAY MINIMUM WAGE

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. As a result of not paying Plaintiff any wage whatsoever for the final workweek of his employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

71. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

72. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jacob Haring, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. As a result of not paying Plaintiff any wage whatsoever for the final workweek of his employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

75. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

76. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jacob Haring, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT FOUR: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**

77. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

79. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

80. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the final two workweeks he was employed by Defendants.

81. Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Jacob Haring, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 13th day of January, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff, Jacob Haring, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

*Jacob A Haring (Jan 13, 2023 10:19 MST)*
Jacob Haring