**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Jacob Haring**, <br><br> Plaintiff, <br><br> v. <br><br> **Pindernation Holdings LLC**, et al., <br><br> Defendants. | No. 2:23-cv-00087-SRB <br><br> **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS** |

Pursuant to the Federal Rules of Civil Procedure 55, Plaintiff, Jacob Haring ("Plaintiff"), respectfully requests that the Court enter judgment by default against Defendants Pindernation Holdings LLC and Lord Pindernation (aka Michael Pinder) (collectively "Defendants").

**I.     Procedural History.**

Plaintiff filed his Complaint seeking unpaid overtime and minimum wages under the Fair Labor Standards Act ("FLSA") and unpaid minimum wages and unpaid wages under the Arizona Minimum Wage Act ("AMWA") and the Arizona Wage Act ("AWA") against Defendants on January 13, 2023.  (Doc. 1).  Lord Pindernation (aka Michael

Pinder) was served for himself and Pindernation Holdings LLC on January 18, 2023. (Docs. 5-6). Defendants' Answers were due on February 8, 2023. Defendants have failed to plead or otherwise defend and are now in default. The Clerk of the Court entered default against Defendants on February 13, 2023. (Doc. 9). Plaintiff now seeks default judgment against Defendants. In support of this request, Plaintiff relies upon the record in this case and his declaration submitted (attached as "**Exhibit A**").

## II.     Legal Standard

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a party has been defaulted, a court may enter a default judgment. Fed. R. Civ. P. 55(b).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Sys. Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

While a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Elektra Entrnm't Group v. Bryant*, No. 03-6381, 2004 WL 783123 at *2 (C.D. Cal. Feb. 13, 2004). In determining damages, the Court can properly rely on declarations submitted by the Plaintiff. Fed. R. Civ. P 55(b)(2).

**III.     Argument**

   **A.     Plaintiff has Met the *Eitel* Factors**

The Ninth Circuit has articulated factors the Court should consider in deciding whether to grant a monetary default judgment. Those are: (1) the possibility of prejudice to the Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

   **1.     Possibility of Prejudice to the Plaintiff.**

The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Id*. Prejudice exists where, absent entry of default judgment, the plaintiff would lose the right to a judicial resolution of her claims, and it would be without other recourse of recovery. *See generally Elektra Entm't Group, Inc. v. Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005).

By virtue of their default, Defendants have admitted the allegations of the Complaint. Though Plaintiff has multiple telephone calls with Defendant Lord Pindernation (aka Michael Pinder), Defendant Lord Pindernation (aka Michael Pinder) has declined to address the currently entered default against Defendants. Because Defendants are refusing to participate in this litigation, a default judgment stands as Plaintiff's only remaining act of recourse in this matter. This factor weighs heavily in favor of default judgment.

### 2. The Merits of the Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002).

As stated above, after the Clerk enters default, the factual allegations of the complaint are taken as true. *Televideo Sys.*, 826 F.2d at 917-918.

### 3. The Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico*, 238 F.Supp.2d at 1176.

Plaintiff worked for Defendants as an underground laborer from about June 2022 through about December 2022. Ex. A, at ¶¶ 3-5. Plaintiff's agreed-upon rate of pay was $23 per hour. *Id.* at ¶ 6. Plaintiff was paid, or supposed to be paid, on a weekly basis. *See* Pay Stub and Returned Paycheck for December 11, 2022, through December 17, 2022, attached as "**Exhibit B**." This case involves one check that returned for nonsufficient funds, which resulted in Plaintiff incurring damages for unpaid overtime, unpaid paid minimum wages, and unpaid regular wages.

During the workweek of December 11, 2022, through December 17, 2022, ("Workweek 1"), Plaintiff worked approximately 40 hours for Defendants. Ex. A, at ¶ 7. During a workweek that took place approximately one month prior to Workweek 1 ("Workweek A"), Plaintiff worked approximately eight hours of overtime that Defendants did not pay Plaintiff on the check corresponding to Workweek A and instead

agreed to pay out at a later date. *Id.* On or about December 23, 2022, Plaintiff received a paycheck for Workweek 1 for approximately $1,196. *Id.* at ¶ 8. That paycheck included the 40 hours at his regular rate ($920) for Workweek 1 and the eight hours at his overtime rate of $34.50 (totaling $278) from Workweek A. Ex. B. That paycheck returned for nonsufficient funds when he tried to deposit, cash, or otherwise negotiate it. Ex. A, at ¶

Plaintiff worked a total of 40 hours that went unpaid entirely at the federal minimum wage rate of $7.25. Accordingly, his federal minimum wage damages are $290 (40 * $7.25).

Plaintiff worked a total of 40 hours that went unpaid entirely at the applicable Arizona minimum wage rate of $12.80. Accordingly, his Arizona minimum wage damages are $512 (40 * $12.80).

Plaintiff worked a total of 40 hours that went unpaid entirely at his regular rate of pay of $23 per hour. As such, his unpaid wages at his regular rate total $920.

Finally, Plaintiff worked eight hours of overtime that went unpaid entirely at the overtime rate of $34.50 per hour. As such, Plaintiff has $276 in overtime damages.

Accordingly, the total amount of unpaid wages, without accounting for liquidated or treble damages or attorneys' fees and costs, including minimum wages, regular wages, PTO, and overtime is $1,196 ($920 unpaid at his regular rate, plus $276 in unpaid overtime).

**4.     The Possibility of Dispute Concerning Material Facts**

There is no dispute concerning the material facts because the factual allegations of Plaintiff's complaint are taken as true at this default stage. *Marcelos v. Dominguez*, No.

08-0056, 2009 WL 113383, at *4 (N.D Cal. Jan. 15, 2009). The fifth *Eitel* factor weighs in favor of default.

### 5. Whether Default was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers whether Defendants' default resulted from excusable neglect. *Eitel*, at 1471-72. The Ninth Circuit has said "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Meadows v. Dominical Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

Here, Defendants have actual notice of the filing of the action. Plaintiff served Defendant Lord Pindernation (aka Michael Pinder) personally for himself and for his company, Pindernation Holdings LLC. (Docs. 5-6). Defendants were served personally and have actual knowledge of the action. *Id.* Therefore, the default was not due to excusable neglect, and the sixth factor weighs in favor of default judgment.

### 6. The Policy Favoring a Decision on the Merits

The final *Eitel* factor considers the preference for deciding cases on the merits. However, "this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Warner Bros. Entm't Inc. v. Caridi*, 346 F.Supp.2d 1068, 1073 (C.D. Cal. 2004). Courts have concluded that "this factor does not weigh very heavily." *Id*.

As shown above, Defendants have been aware of the lawsuit since being served with it on January 18, 2023. They have purposefully evaded responding to it. Defendants have had ample time to answer or otherwise respond. Rather than participate

and seek a decision on the merits of the claim, Defendants have chosen to ignore the lawsuit altogether. Defendants cannot plausibly argue that they must have a decision on the merits after ignoring this lawsuit for months despite actual knowledge of the lawsuit and their obligations.

Therefore, Plaintiff has met all of the *Eitel* factors and the Court should enter default judgment against Defendants Pindernation Holdings LLC and Lord Pindernation (aka Michael Pinder).

**B.     The Court Should Grant a Liquidated Damages Award**

The FLSA provides that any employer who violates the minimum or overtime wage provision is liable not only for the unpaid compensation but also "[a]n additional equal amount as liquidated damages." *Chao v. A-One Medical Service, Inc.*, 346 F.3d 908, 919-20 (9th Cir. 2003) (quoting 29 U.S.C. § 216(b), ruled unconstitutional on other grounds by *Alden v. Maine*, 527 U.S. 706, 712 (1999)); *see also Fontes v. Drywood Plus, Inc*. No. CV-13-1901-PHX-LOA (D. Ariz. Dec. 2, 2013). Double damages are the norm and single damages are the exception. *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003).

In addition, the AMWA requires liquidated damages be awarded in "an amount equal to twice the underpaid wages." Arizona Revised Statutes ("A.R.S.") § 23-364(G).

In addition, the AWA provides that "if an employer, in violation of this chapter, fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A).

Considering the foregoing, Plaintiff's various damages, fully liquidated, but exclusive of attorneys' fees and costs, are:

### i.  Federal Minimum Wage Liquidated Damages

Plaintiff's federal minimum wage damages of $290 must be doubled under 29 U.S.C. § 216(b) to $580.  This amount should be assessed against both Defendants Pindernation Holdings LLC and Lord Pindernation (aka Michael Pinder), jointly and severally.

### ii.  Arizona Minimum Wage Liquidated Damages

Plaintiff's Arizona minimum wage damages of $512 must be trebled under A.R.S. § 23-364(G) to $1,536.  Because this amount engulfs Plaintiff's federal minimum wage damages, $1,536 is the appropriate total minimum wage award.  This amount should be assessed against both Defendants Pindernation Holdings LLC and Lord Pindernation (aka Michael Pinder), jointly and severally.

### iii.  Overtime Premium Liquidated Damages

Plaintiff's federal overtime damages of $276 must be doubled under 29 U.S.C. § 216(b) to $552.  This amount should be assessed against both Defendants Pindernation Holdings LLC and Lord Pindernation (aka Michael Pinder), jointly and severally.

### iv.  Arizona Unpaid Wages Must be Trebled

Plaintiff's unliquidated unpaid wages total $920, exclusive of overtime, must be trebled to $2,760 under A.R.S. § 23-355.  Because this amount engulfs Plaintiff's minimum wage damages, $2,760 is the appropriate total unpaid wages award, exclusive

of unpaid overtime. This amount should be assessed against Defendant Pindernation Holdings LLC.

Considering the foregoing, Plaintiff should be awarded total damages in the amount of $3,312. This amount consists of $2,760 in trebled unpaid wages and $552 in liquidated (doubled) unpaid overtime.

The total $3,312 in unpaid wages damages award should be awarded against Defendant Pindernation Holdings LLC. ARS § 23-355.

Of that $3,312, $2,088 (consisting of $1,536 in trebled unpaid minimum wage damages and $552 in liquidated–doubled–unpaid overtime) should be awarded against both Defendants Pindernation Holdings LLC and Lord Pindernation (aka Michael Pinder) jointly and severally, exclusive of attorneys' fees and costs, which both the FLSA and AMWA require, to be discussed in the following section. 29 U.S.C. § 216(b); *see also* A.R.S. § 23-364.

**C.     Plaintiff is Entitled to Recover Attorneys' Fees and Costs**

Plaintiff is entitled to his attorneys' fees and costs pursuant to 20 U.S.C § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The award of attorney's fees in such a proceeding is mandatory and is added to the amount of unpaid wages and liquidated damages. *See Orozco v. Borenstein*, 2013 WL 655119, at *1 (D. Ariz. February 21, 2013) ("It is not only appropriate to award fees to a successful plaintiff, it is mandatory.").

"A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The District of Arizona has recognized that, where the filing of an action causes a defendant to pay unpaid wages to an FLSA plaintiff–even without a judgment–, that plaintiff becomes the prevailing party and entitled to fees. *Orozco v. Borenstein*, 2013 WL 4543836, at *2 (D. Ariz., August 18, 2013).  If the Court enters default judgment, Plaintiff will be the prevailing party for purposes of 29 U.S.C § 216(b) and entitled to her attorneys' fees and costs.  Pursuant to LRCiv 54.2, Plaintiff will file a motion for attorneys' fees following any award of a default judgment.

### IV.   Conclusion

Based on the foregoing, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants Pindernation Holdings LLC and Lord Pindernation (aka Michael Pinder), individually and collectively, as follows:

Against Pindernation Holdings LLC in the amount of $3,312;

Of that $3,312, against Defendants Pindernation Holdings LLC and Lord Pindernation (aka Michael Pinder) in the amount of $2,280, jointly and severally.

Plaintiff further requests that the Court allow Plaintiff to file a motion for attorneys' fees and costs following the award of a default judgment.

Plaintiff further requests that these amounts be augmented further by post-judgment interest pursuant to 28 U.S.C § 1961 and costs and attorneys' fees incurred by Plaintiff in the collection of the amounts awarded herein.

RESPECTFULLY SUBMITTED this 18th Day of February 2023.

BENDAU & BENDAU PLLC

/s/   *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th Day of February, 2023, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system. A copy of the foregoing was also sent via email to the following:

Pindernation Holdings LLC, via
Lord Pindernation (aka Michael Pinder), its
Registered Statutory Agent
10100 W. Montebello Ave., Suite 130-140
Glendale, AZ 85307

Lord Pindernation (aka Michael Pinder)
10100 W. Montebello Ave., Suite 130-140
Glendale, AZ 85307

*Defendants Pindernation Holdings LLC and*
*Lord Pindernation (aka Michael Pinder)*

/s/ *Clifford P. Bendau, II*